UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SHELTON RUSSELL ZWILLING, and MARY ZWILLING,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF INDIANA, INDIANA STATE POLICE DEPT., and TROOPER SMITH,<br><br>Defendants. | 4:15-cv-130-SEB-DML |

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Defendants', the State of Indiana ("State") and the Indiana State Police Department ("ISPD"), Motion to Dismiss for lack of subject matter jurisdiction [Docket No. 14], filed on November 10, 2015, pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the motion is GRANTED.

### Factual Background

Plaintiffs' Complaint alleges that on November 5, 2014, Trooper Smith and several other members of the Indiana State Police Department arrived at the home of Shelton and Mary Zwilling ("Plaintiffs") seeking to arrest Mary Zwilling's son, Timothy Lee, on a felony warrant. Dkt. 1 at 2. Plaintiffs allege that, although they informed the troopers that Lee was not present, Trooper Smith pushed his way into the residence

without producing a search warrant and proceeded to search for Lee. Dkt. 1 at 2. According to Plaintiffs, the troopers departed approximately thirty minutes later after failing to locate Lee. Dkt. 1 at 2.

On November 10, 2014, Trooper Smith returned to Plaintiffs' home with five or six additional Indiana State Troopers. Dkt. 1 at 2. Plaintiff Shelton Zwilling contends that when he answered the door and asked the troopers to produce a warrant, Trooper Smith "grabbed [his] arm, spun him around, slamming him into the floor and then against his electric wheelchair . . . caus[ing] his back to strike the wheelchair." Dkt. 1 at 3. After pulling Mr. Zwilling to his feet, Trooper Smith allegedly threatened Plaintiffs with legal repercussions for failing to comply with the troopers' questions and instructions. Dkt. 1 at 3–4.

As a result of these encounters, Plaintiffs have brought this action against Trooper Smith for excessive force, battery, negligence, and intentional infliction of emotional distress. Dkt. 1. Plaintiffs have also sued the State and the ISPD for the negligent hiring, training, and supervision of Trooper Smith as well as vicarious liability for the actions allegedly engaged in by him. Dkt. 1. Plaintiffs filed their complaint on September 9, 2015. Dkt. 1. In response, Defendants ISPD and the State have filed this motion to dismiss. Dkt. 14.

## Standard of Review

Defendants seek dismissal of this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that the State and the ISPD are entitled to immunity from suit in this court pursuant to the Eleventh Amendment. If true, the Court lacks

subject matter jurisdiction over this action. The Federal Rules of Civil Procedure command that courts dismiss any suit over which they lack subject matter jurisdiction—whether acting on the motion of a party or *sua sponte. See* Fed. R. Civ. P. 12(b)(1). In ruling on a motion to dismiss under Rule 12(b)(1), we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Franzoni v. Hartmax Corp.*, 300 F.3d 767, 771 (7th Cir. 2002); *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001). We may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *See Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993); *Estate of Eiteljorg ex rel. Eiteljorg v. Eiteljorg,* 813 F. Supp. 2d 1069, 1074 (S.D. Ind. 2011).

## Discussion

Plaintiffs raise two claims in their complaint against the State and ISPD: (1) the negligent hiring, training, and supervision of a state trooper;[1] and (2) vicarious liability for Trooper Smith's alleged actions.[2] Our review establishes that this Court lacks the

---

[1] Plaintiffs do not specify in the Complaint whether this is a *Monell* liability claim, so we interpret it and address it as a state-law negligence claim, given that *Monell* liability is not available against the State and its agencies.

[2] Plaintiffs do not specify in the Complaint whether the alleged vicarious liability is for Trooper Smith's constitutional violations or his state-law violations of battery, negligence, and intentional infliction of emotional distress; however, since government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*, we interpret and address the complaint as vicarious liability for the state-law claims only. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

jurisdiction to decide either claim on several grounds under the doctrine of Eleventh Amendment Sovereign Immunity.

It is well-established that the Eleventh Amendment provides states with immunity from suits in federal courts. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996); *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012). The Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the text appears to restrict only the Article III diversity jurisdiction of the federal courts, the Supreme Court has interpreted the language to mean that each state is sovereign in our federal system, and "[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." S*eminole Tribe of Florida*, 517 U.S. at 54 (quoting *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991)). Thus, the Eleventh Amendment guarantees that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State*." Bd. Of Regents of Univ. Of Wisconsin Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 457 (7th Cir. 2011) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974)). State agencies are treated the same as the states themselves for purposes of the Eleventh Amendment, which includes the claims filed by Plaintiffs against both the State of Indiana and the ISPD. *See Davidson v. Bd. of Govs.*, 920 F.2d 441, 442 (7th Cir. 1990).

Plaintiffs contend that Sovereign Immunity does not apply in this case, arguing that, "[f]or the state law claims against Indiana [and the ISPD], we must look to Indiana

law to determine if Indiana retains the doctrine of sovereign immunity for such claims." Dkt. 22 at 2–3. This is an incorrect statement of law. The Supreme Court expressly held that, while a State's sovereign immunity is not absolute, "we have recognized only two circumstances in which an individual may sue a State." *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999) (citations omitted). First, Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment. *Id.* Second, a State may waive its sovereign immunity by consenting to suit. *Id.* In advancing the argument that we must look to Indiana state law to determine "if Indiana retains the doctrine of sovereign immunity," Plaintiffs appear to confuse Eleventh Amendment immunity with Indiana's limited tort claim waiver of sovereign immunity.[3] *See* Dkt. 22 at 2–3. Even if the State of Indiana were deemed to have waived its sovereign immunity (which it clearly has not), Plaintiffs would not prevail on this argument.

A state can voluntarily waive its sovereign immunity by consenting to federal jurisdiction explicitly or by invoking that jurisdiction through its behavior. *Coll. Sav. Bank,* 527 U.S. at 670. The test for determining whether a State has waived its immunity from federal jurisdiction is a stringent one, however, and any ambiguity in the scope of a waiver "will be strictly construed . . . in favor of the sovereign." *Sossamon v. Texas*, 563 U.S. 277, 284–285 (2011). Therefore, a State's consent to suit via statute must be "unequivocally expressed" in the text, rather than implied, and "a state's consent to suit

---

[3] We also note that Plaintiffs cite to the Indiana Constitution, Indiana state court case law, and the Indiana Tort Claims Act in coming to this conclusion.

*in its own courts* is not a waiver of its immunity from suit *in federal court*." *Id.* at 285 (emphasis added).

Plaintiffs' argument fails because they rely on Indiana statutory and case law which fail to "unequivocally express" consent to suit *in federal court*. *See* Dkt. 22 at 3. They contend that Indiana is not immune to the state law claims alleged because those claims "are not considered immune" under the Indiana Tort Claims Act ("ITCA"); however, the ITCA applies only to "cause[s] of action against the State of Indiana arising in Indiana *and pursued in an Indiana court* because of the vestiges of sovereign immunity retained by the legislature." *Maroon v. State, Dept. of Mental Health*, 411 N.E.2d 404, 415 (Ind. Ct. App. 1980) (emphasis added); *also see* I.C. § 34-13-3-5 (f)(1) (2016) ("This chapter shall not be construed as: (1) a waiver of the eleventh amendment to the Constitution of the United States; (2) consent by the state of Indiana or its employees to be sued in any federal court; or (3) consent to be sued in any state court beyond the boundaries of Indiana").

Further, the case law relied upon by Plaintiffs involves the State's consent to tort claims brought in its own courts, which does not constitute a waiver of its immunity from suit in federal court. *See Campbell v. State*, 284 N.E.2d 733 (Ind. 1972) (Indiana Supreme Court abrogated the common law doctrine of sovereign immunity on the state level, subject to limited exceptions); *Benton v. City of Oakland City*, 721 N.E.2d 224 (Ind. 1999) (Indiana Supreme Court analyzed sovereign immunity under Indiana common law and affirmed *Campbell*). Thus, the sources cited by the Plaintiffs are not applicable, never

mind authoritative in this case. Since neither the State nor ISPD has waived its sovereign immunity and the Eleventh Amendment bars federal jurisdiction.

### Conclusion

For the foregoing reasons, Defendants State of Indiana and Indiana State Police Department's Motion to Dismiss [Docket No. 14] is **GRANTED**. The State of Indiana and the Indiana State Police are hereby **DISMISSED**.

Additionally, on April 1, 2016, Magistrate Judge Lynch ordered Plaintiffs to show cause in writing by April 16, 2016, on (1) whether they intend to proceed with this case, (2) whether they have hired new counsel or intend to, and (3) the reasons for their failure to participate in the March 29, 2016, status conference. Dkt. 37. The April 16, 2016 deadline has now passed without response from Plaintiffs. We, therefore, **DISMISS** Plaintiffs remaining claims pursuant to Federal Rule of Civil Procedure 41(b). A final judgment shall enter accordingly as to all parties.

IT IS SO ORDERED.

4/22/2016

_SARAH EVANS BARKER, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

SHELTON RUSSELL ZWILLING
7560 E. Hurst Road
Pekin, IN 47165

MARY ZWILLING
7560 E. Hurst Road
Pekin, IN 47165

JONATHAN PAUL NAGY
Indiana Attorney General
302 West Washington Street,
Indiana Government Center South
Fifth Floor
Indianapolis, IN 46204
317-233-8296
Fax: 317-232-7979
Email: jonathan.nagy@atg.in.gov

WILLIAM HACKL BRAINARD
Indiana Attorney General
302 West Washington Street,
Indiana Government Center South
Fifth Floor
Indianapolis, IN 46204
317-292-2780
Fax: 317-232-7979
Email: william.brainard@atg.in.gov